UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04590-SSS-MBK | Date | August 14, 2026 |
| Title | *Lihesis Sarai Veliz-Pina v. Fereti Semaia et al.* | | |

Present: The Honorable SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER (1) RETAINING JURISDICTION; (2) REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER TO CONSIDER APPOINTMENT OF COUNSEL; AND (3) DENYING THE MOTION FOR A TEMPORARY RESTRAINING ORDER [DKT. NO. 2]**

On August 13, 2026, Petitioner Lihesis Sarai Veliz-Pina ("Petitioner") filed a petition ("Petition," Dkt. No. 1) and a motion for a temporary restraining order ("Motion," Dkt. No. 2).

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise. *See California Energy Com'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."). Further, in light of Petitioner's interests in participating in further proceedings before this Court, it is **ORDERED** that Petitioner shall not be transferred except to a facility within this District absent further order from this Court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (concluding that the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"); *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008) (invoking the All Writs Act,

28 U.S.C. § 1651, and noting that if a case presents a "substantial jurisdictional question . . . a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction").

Based on the allegations in the Petition, the Court finds this case appropriate for referral to the Federal Public Defender for the Central District of California ("FPD") for appointment of counsel. There is no absolute right to appointment of counsel in habeas proceedings. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Appointment of counsel may be authorized at any stage of the proceedings if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se*, considering the complexity of the legal issues involved and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the *Weygandt* factors sufficiently support the appointment of counsel to represent Petitioner. The FPD has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas corpus proceedings such as this one. Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner.

The FPD is **ORDERED** to file a response by **August 31, 2026**, indicating whether the FPD will represent Petitioner in this matter. This obligation shall be satisfied if the FPD files a notice of appearance in this case. In light of the referral to FPD, the Court **DENIES** the Motion **WITHOUT PREJUDICE** and directs the parties to present all subsequent matters in this case to the Magistrate Judge. Thus, should FPD represent Petitioner in this matter, any reply filed shall be in response to an opposition to the Petition.

The Clerk is **DIRECTED** to serve a copy of this order and the Petition on the FPD.

**IT IS SO ORDERED**.

cc: FPD [ATTN: cac_appointments@fd.org; jonathan_aminoff@fd.org]